# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-3726

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Betty Francois,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: July 19, 2019
Filed: July 24, 2019
[Unpublished]

——————————

Before COLLOTON, WOLLMAN, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Betty Francois pleaded guilty pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and the district court sentenced her according to

that agreement. She now appeals after the district court[1] denied her renewed motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a retroactively lowered sentencing range under the Sentencing Guidelines. Her motion was based on Amendment 782 to the Guidelines, and relied on *Hughes v. United States*, 138 S. Ct. 1765 (2018), which clarified that plea agreements under Rule 11(c)(1)(C) do not foreclose eligibility for § 3582(c)(2) relief. In counseled and pro se briefs, Francois argues that the district court erred in denying her a sentence reduction. Appointed counsel has also moved for leave to withdraw.

We conclude that the district court did not err in denying Francois a sentence reduction under section 3582(c)(2). First, the record shows that the sentence was not based on the Guidelines. *See Hughes*, 138 S. Ct. at 1775-76. Further, Amendment 782 would not afford Francois relief under section 3582(c)(2), because the amended Guidelines would have no effect on her Guidelines range. *See* U.S.S.G. §§ 1B1.10(a)(2)(B), (b)(1) & comment. (n.1).

Accordingly, we grant counsel leave to withdraw, and we affirm.

———————————————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.